UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-cv-60809-ALTMAN/Hunt

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX Sports, a Florida corporation,

    Plaintiff/Counterclaim-Defendant,

    v.

MONSTER ENERGY COMPANY,
a Delaware corporation, and
REIGN BEVERAGE COMPANY, LLC,
a Delaware limited liability company,

    Defendants/Counterclaimants.
_____

MONSTER ENERGY COMPANY,
a Delaware corporation, and
REIGN BEVERAGE COMPANY, LLC,
a Delaware limited liability company,

    Crossclaimants,

    v.

JHO INTELLECTUAL PROPERTY
HOLDINGS, LLC, a Florida limited liability
company,

    Crossclaim-Defendant.
_____/

**CROSSCLAIM-DEFENDANT'S MOTION TO DISMISS CROSSCLAIM**

Crossclaim-Defendant, JHO Intellectual Property Holdings ("JHO"), pursuant to Federal Rules of Civil Procedure 12 and 19, moves to dismiss the Crossclaim [ECF No. 53] of Defendants, Monster Energy Company ("Monster") and Reign Beverage Company, LLC ("Reign"), as follows:

## INTRODUCTION

VPX brought this lawsuit in response to Defendants' blatant infringement of its trade dress and trademark related to certain energy drinks and pre-workout nutritional beverages. In their counterclaim, Defendants attempt a sort of "switcheroo" wherein the infringer becomes the infringed, and the aggressor the victim. To this end, Defendants have brought a cross-claim against JHO for cancellation of its trademark registration.

Nonetheless, even accepting Defendants' word for it, as the Court must at this stage, Defendants' crossclaim falls at the first hurdle because Defendants have failed to state a claim, or because the claim Defendants have attempted to state requires the presence of a party whom Defendants have not brought before the Court.[1]

The crossclaim [ECF No. 53, ¶¶ 96, *et seq.*], seeking cancellation of JHO's registration of the trademark of which VPX is the exclusive licensee, must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) because Defendants have failed to join an indispensable party, the entity that Defendants claim should own the mark due to an allegedly failed assignment. Also, as a result of their deliberately confusing pleadings, Defendants have failed to plead that either of

---

[1] VPX has already moved to dismiss the crossclaim for the reasons stated herein. [ECF No. 58]. As VPX stands entirely in the shoes of JHO for purposes of the registration – with the exception that it cannot be the subject of a cancellation order – JHO has deferred responding to the crossclaim on the basis of Federal Rule of Civil Procedure 12(a)(4)(A) and *McBride v. Liberty Mut. Fire Ins. Co.*, No. 617CV1639ORL37KRS, 2017 WL 4286316, at *1 (M.D. Fla. Sept. 22, 2017) ("Filing a partial motion to dismiss effectively suspends that party's response time for the entire complaint.") (citing Wright & Miller, 5B Fed. Prac. & Proc. § 1346 (3d ed. 2016)). Alternatively, JHO moves the Court exercise its discretion to enlarge the time to file the instant motion pursuant to Rule 6(b), on the grounds that it acted from a good-faith belief that its obligation to respond was suspended pursuant to Rule 12 during the pendency of the motion to dismiss. This motion to dismiss is a verbatim copy of that filed by VPX with the exception that the movant has been identified as JHO and portions not relevant to the crossclaim have been deleted. No new arguments are presented to the Court or Defendants, and no prejudice would inure to Defendants upon the exercise of the Court's such discretion.

them actually has standing to claim infringement and, thus, that either of them may invoke the remedy of cancellation.

## STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, the complaint "must ... contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to plaintiff and take the factual allegations stated therein as true. *See Brooks v. Bine Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678. A plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 500 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise [plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id.*

Rule 19(a) requires that a person be joined to an action if "(1) in the person's absence complete relief cannot be accorded among those already parties or (2) the person claims an interest

3

relating the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest …." If a party should be joined, i.e., is necessary, but cannot be, the court must determine whether the party is indispensable, which would require the court to dismiss the cause of action. Fed. R. Civ. P. 19(b). Failure to join an indispensable party requires dismissal under Rule 12(b)(7).

## ARGUMENT

### A. The Crossclaim Must Be Dismissed Because Defendants Have Failed to Join an Indispensable Party, and Failed to Plead a Basis for Their Standing to Bring the Claim

*i.   Royalty Nutrition is an indispensable party to Defendants' cross-claim for cancellation of the Reign® trademark registration*

15 U.S.C. § 1119, which establishes the cancellation remedy, provides in pertinent part that a court may order cancellation of "the registrations *of any party* to the action" (emphasis added). In their crossclaim, [ECF No. 53, ¶¶ 96, *et seq.*], Defendants argue that Royalty Nutrition abandoned the Reign® mark by assigning it to JHO. [D.E. 53, ¶ 101]. They then seek to cancel JHO's registration based on an insufficiency in the assignment. In cancelling the registration of JHO, they imagine the mark would be cancelled from the Principal Register, presumably to endure as a rival common law mark to their own asserted "Reign."

Defendants are mistaken. In *Havana Club Holdings, S.A. v. Galleon, S.A.*, 974 F. Supp. 301 (S.D.N.Y. 1997), the court considered the result of a cancellation claim based on invalid assignment. In *Havana Club*, the registration holder, Cubaexport, assigned its registered mark to a new corporate entity as part of a reorganization. While the assignment was initially accepted by the U.S. Patent and Trademark Office, intervention by the Office of Foreign Asset Control resulted in a necessary license for the assignment being revoked. *See id.* at 306. When the counter-plaintiffs in the case asked the court to "cancel" the registration as a result of the failed assignment, the court

4

declined, explaining that the result of a failed assignment was not the erasure of the registration, but rather the reversion of the registration to the assignor:

> Cubaexport, Havana Rum & Liquors, and Plaintiffs, as the original parties to the transaction, are returned to the *status quo ante*. Cubaexport, restored as the owner of the registration, inevitably has an interest in the outcome of the registration issue. *Thus, Cubaexport is a necessary party to this action* [if its reverted registration is to be cancelled].

*Id.* at 311 (emphasis added). In asking this Court to make a factual determination that the Reign® registration has been "abandoned" by Royalty Nutrition, a party not before this Court, Defendants overstep. Royalty Nutrition is a necessary and indispensable party under Rule 19 to a count that, on its face, would deprive it of an important property right based on the plain import of Defendants' own arguments.[2]

"Courts that have faced the issue have treated trademark owners as indispensable for Rule 19 purposes in infringement actions." *Earl v. Peverett*, 20 U.S.P.Q.2d 1559, 1560 (S.D.N.Y.1991). More particularly, "trademark owners are indispensable parties under Rule 19 for the purposes of canceling a trademark." *May Apparel Group, Inc. v. Ava Import-Export, Inc.*, 902 F. Supp. 93, 96 (M.D.N.C. 1995). This District itself has recognized that where an owner's interest in a mark may be impaired by, for example, invalidation (or in this case, cancellation of a registration), that owner has a Rule 19 interest in the action. *See Int'l Importers, Inc. v. Int'l Spirits & Wines, LLC*, No. No. 10–61856–CIV, 2011 WL 7807548, at *8 (S.D. Fla. July 25, 2011). *See also Lisseveld v. Marcus*, 173 F.R.D. 689, 701 (M.D. Fla. 1997) ("There is no conceivable reason for the Court to proceed

---

[2] Of course, if Defendants prevail on their claim with regard to the invalidity of the assignment, Royalty Nutrition will be free to assign the reverted registration to JHO again. *See Havana Club*, 974 F. Supp. at 312.

with this case when there is a party missing who may, in fact, be the true owner of the trademark rights ….").

In *May Apparel*, the plaintiff company brought an action against a competitor arguing that it was infringing the plaintiff's mark and seeking cancellation of the defendant company's mark. The defendant moved to dismiss on the basis, *inter alia*, that the mark in question was held by its CEO personally, and not by the company, and the CEO was therefore a necessary and indispensable party. 902 F. Supp. at 96. The court agreed, holding that a trademark owner would be irremediably prejudiced if not present at any action for cancellation of its mark. This was true even though the CEO was not subject to the personal jurisdiction of the court. As a result, the court had no choice but to dismiss the claim for cancellation. *See also* 15 U.S.C. § 1119 (permitting a court to cancel the registration of "any *party* to the action") (emphasis added).

In their crossclaim, Defendants fail to join the company whom they believe to be the owner of the mark, Dash LLC, d/b/a Royalty Nutrition ("Royalty Nutrition"). *See* Complaint, Ex. B (U.S. trademark assignment from Royalty Nutrition to JHO) [*cited in* D.E. 53, ¶¶ 35, 99].

As the *May Apparel* court explained:

> Classifying trademark owners as indispensable parties serves several purposes. It protects absent trademark owners for the estoppel effect of a judgment in which the trademark owner did not participate and which determined the trademark to be invalid. It protects plaintiff's interest in avoiding multiple suits concerning the same basic facts, and it protects the public interest in efficiently utilizing judicial resources.

902 F. Supp. at 96.

To JHO's information and belief, Royalty Nutrition is a Wyoming limited liability company, with its principal place of business in Cheyenne, Wyoming. JHO does not know if this Court can exercise personal jurisdiction over Royalty Nutrition. In any case, this Court should dismiss Defendants' crossclaim unless and until Defendants join Royalty Nutrition in this action.

> ii.  *Defendants fail to plead any basis for their standing to seek cancellation of the Reign® trademark registration, because they have not pleaded which Defendant, if any, actually owns or uses a name appearing in the registered mark*

The crossclaim must also be dismissed because Monster and Reign have failed to allege the basis of their standing, if any, to demand the cancellation of JHO's registered mark.

"Under the Lanham Act, a party must have the requisite standing to petition for the cancellation of a registered trademark. When a plaintiff has no right to use a name shown in a registered trademark of a defendant, that plaintiff has no standing to seek cancellation of the trademark." *Akhenaten v. Najee*, LLC, 544 F. Supp. 2d 320, 332 (S.D.N.Y. 2008) (internal quotation marks and citations omitted). A party seeking cancellation "must show a real and rational basis for his belief that he would be damaged by the registration sought to be canceled, stemming from an actual commercial or pecuniary interest in his own mark." *Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 735 F. 2d 346, 349 (9th Cir. 1984).

Here the crossclaim is silent as to the nature of Monster's or Reign's "actual commercial or pecuniary interest" in the purported unregistered "Reign" mark. It is clear on the face of the counterclaim that Defendants are separate companies. [ECF No. 53, ¶¶ 4-5 (defendants are separately incorporated with separate principal places of business)]. Defendants plead that they "both own rights in the [unregistered 'Reign'] trademark," [ECF No. 53, ¶ 49], but it is not at all apparent from their pleadings which "rights" either or both have, or how *both* of them could be injured in their particular, individual "commercial or pecuniary" interests. They notably do not plead that either party *actually owns the trademark*.

In *Akhenaten*, the plaintiff brought a Lanham Act infringement and cancellation action against a clothing manufacturer for alleged misuse of various marks, including "FUBU." 544 F. Supp. 2d at 323. However, a prior court had already determined that the plaintiff had no "common-

7

law or commercial interest" in the marks, and the new court determined that this controlled in the new action as well. *Id.* at 332. Because the plaintiff had no interest in the mark, the court did not need to reach the question of likelihood of confusion as to origin, because the plaintiff had no standing to bring the claim and granted summary judgment to the defendants. *Id.* at 334.

The crossclaim as it stands must be dismissed and, if permitted to re-plead, Defendants must specify which party is asserting which rights in the mark and on what basis. *See also Aceto Corp. v. TherapeuticsMD, Inc.*, 953 F. Supp. 2d 1269, 1282 (S.D. Fla. 2013) (mere allegation to hold exclusive license in trademark not enough, where plaintiff is not exclusive licensee with all substantial rights in unregistered trademark; owner of mark must be joined to proceed with infringement action).

Because Defendants fail to join a necessary, indispensable party, and because they fail to plead any individualized basis for their respective standing to demand cancellation of JHO's registration, the crossclaim must be dismissed.

## CONCLUSION

Defendants' crossclaim, for cancellation of JHO's registered mark, of which VPX is the exclusive licensee, must be dismissed because Defendants have failed to join an indispensable party (Royalty Nutrition), and because Defendants have failed to plead any basis for their standing to invoke the remedy of cancellation.

**WHEREFORE**, Crossclaim-Defendant JHO Intellectual Property, Inc., prays this Court to **dismiss** Defendants' crossclaim, and for such other relief deemed appropriate.

Respectfully submitted,

/s/ Francis Massabki
Francis Massabki, Esq.
Florida Bar No. 687901
Frank.Massabki@vpxsports.com

8

1600 North Park Drive
Weston, FL 33326
Phone: 954-641-0570
Fax:     954-389-6254
*Attorney for Crossclaim-Defendant, JHO Intellectual Property Holdings, Inc.*

Certificate of Service

I hereby certify that on July 25, 2019, pursuant to Section 3K of the CM/ECF Administrative Procedures, the foregoing document was electronically filed through the CM/ECF system, which will produce a Notice of Electronic Filing to the filing party, any party who is a user of the system, parties otherwise authorized to receive Notices of Electronic Filing, and the assigned Judge.

/s/ Francis Massabki