**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO. 19-60809-CIV-ALTMAN/HUNT**

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX Sports, a Florida Corporation,

    Plaintiff/Counterclaim-Defendant,

v.

MONSTER ENERGY COMPANY,
a Delaware corporation, and
REIGN BEVERAGE COMPANY, LLC,
a Delaware limited liability company,

    Defendants/Counterclaimants.

_____

MONSTER ENERGY COMPANY,
a Delaware corporation, and
REIGN BEVERAGE COMPANY, LLC,
a Delaware limited liability company,

    Crossclaimants,

v.

JHO INTELLECTUAL PROPERTY
HOLDINGS, LLC, a Florida limited liability
company,

    Crossclaim-Defendant.

_____/

**ORDER**

This matter is before this Court on Plaintiff's and Counterdefendant's Motion to Compel Discovery and for Sanctions, ECF No. 305. The Honorable Roy K. Altman referred this case to the undersigned for all non-dispositive pretrial matters. ECF No. 50; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review

of the record and the applicable law, Plaintiff's Motion is DENIED for the reasons set forth below:

## I.   Background

This action arises from Vital Pharmaceuticals' Inc. ("Plaintiff") allegations that Monster Energy Company and Reign Beverage Company ("Defendants") released a product that infringed on Plaintiff's trademark. ECF No. 1. Specifically, Plaintiff alleges that Defendants' "Reign" product infringes on Plaintiff's trade dress. ECF No. 1.

In June and October 2019, Plaintiff served written discovery that sought information related to the "Infringing Reign Product." Plaintiff defined the Infringing Reign Product as:

> the energy drink available in 16-oz. aluminum cans as promoted at the website https://reignbodyfuel.com/, including all flavors and prior versions thereof.

ECF No. 305-3.

Discovery in this case was set to expire on January 31, 2020. Prior to the close of discovery, Defendants released a new product titled Reign Inferno. On February 25, 2020, Plaintiff sought leave to amend the Complaint to include the new Reign Inferno product as an infringing product on its trade dress. ECF No. 262. In its Motion for Leave to Amend, Plaintiff asked in the alternative for the Court to grant the Motion to Amend and allow additional time for discovery on the Reign Inferno product. ECF No. 262 at 8.

During the hearing on the Motion for Leave, Plaintiff again asked the Court to reopen discovery for the Reign Inferno product only. ECF No. 305-2 at 10. At the hearing, Judge Altman expressly stated he was not going to reopen discovery on the Reign Inferno product. ECF No. 305-2 at 11–12. Judge Altman did not find good cause existed to

reopen discovery or allow Plaintiff to amend the Complaint to include the Reign Inferno product because "[Plaintiff] did know about the product before and [did not] raise it until very late in the game." *Id.* As a result, Plaintiff's Motion for Leave to Amend was denied. ECF No. 289.

Two months later, On April 29, 2020, Plaintiff filed this Motion to Compel Discovery and for Sanctions. ECF No. 305. Defendants filed a response in opposition and Plaintiff filed a reply in support of its Motion. ECF Nos. 308, 311.

## II.   Parties' Arguments

Plaintiff first argues that its written discovery requests, which were sent in June and October of 2019 and which sought material related to the Infringing Reign Product, encompassed any documents related to the Reign Inferno product that Defendants purposely released prior to the expiration of the discovery deadline. Accordingly, Plaintiff argues that Defendants should have supplemented their discovery answers once they launched the Reign Inferno product. By failing to do so, Defendants failed to comply with their mandatory obligation to supplement discovery.

Plaintiff further argues that Defendants cannot claim that they were not aware they were going to launch the Reign Inferno product because Defendants produced seven pages related to the Reign Inferno product in an earlier document production.

Plaintiff also argues that Defendants should be sanctioned because Defendants' failure to supplement has severely prejudiced Plaintiff's ability to rebut Defendants' Summary Judgment argument.

Defendants respond by claiming that Plaintiff's Motion should be denied for five reasons: 1) Plaintiff maintained that the Reign Inferno product is not an accused product

in the case; 2) Plaintiff's discovery request did not cover the Reign Inferno product; 3) even if the request did cover the Reign Inferno product, it would not have covered the product until January 28, 2020, which is three days before the discovery deadline and is too late according to the local rules; 4) Plaintiff's Motion is untimely because it was filed past the discovery deadline; and 5) Plaintiff's Motion violates the local rules because it was filed more than thirty days after the alleged deficiency.

### III.     Discussion

The crux of Plaintiff's argument rests on whether Plaintiff's discovery requests in June and October of 2019 included potential future versions of infringing products on Defendants' website, thereby imposing on Defendants a duty to supplement their discovery responses to include future infringing products. It seems Plaintiff is attempting another approach to receive the same relief it previously requested from Judge Altman after he denied both Plaintiff's Motion to Amend the Complaint to include the Reign Inferno product and Plaintiff's request to reopen discovery on the Reign Inferno product.

Plaintiff's written discovery defines the term of Infringing Reign Product as "the energy drink available in 16-oz. aluminum cans as promoted at the website https://reignbodyfuel.com/, including all flavors and prior versions thereof." Plaintiff's discovery further goes on to define the "Infringing Reign Trade Dress" by describing the product depicted on Defendants' website, at the time the Complaint was filed and at the time of discovery, in detail.

Viewing the language of Plaintiff's definition of the term Infringing Reign Product, the undersigned finds that the definition referred to products on the website and any prior versions of the product displayed on the website at the time Plaintiff served Defendants

4

with the written discovery.

Further, the undersigned notes that the alleged deficiency would have occurred prior to the close of discovery but Plaintiff did not file the instant Motion until approximately three months later.  Plaintiff categorizes Defendants' launch of the Reign Inferno product as an attempt to avoid discovery requests and responsibilities.  But as Judge Altman noted, "[Plaintiff] did know about the product before and [did not] raise it until very late in the game."

Accordingly, the undersigned finds that Plaintiff's initial discovery requests do not cover future infringing products and that Plaintiff is attempting to receive relief that has been previously denied by this Court.  Therefore, Plaintiff's Motion to Compel and for Sanctions is DENIED.

## IV.   Conclusion

Based on the forgoing, it is hereby ORDERED AND ADJUDGED as follows:

- Plaintiff's Motion, ECF No. 305, is DENIED.
- Neither party is awarded fees or costs in regard to this Motion.

**DONE and ORDERED** at Fort Lauderdale, Florida this 19th day of May 2020.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Roy K. Altman

All Counsel of Record