UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:19-cv-60809-ALTMAN/Hunt

**VITAL PHARMACEUTICALS, INC.**,
d/b/a VPX Sports, a Florida corporation,

    Plaintiff and
    Counterclaim Defendant,

v.

**MONSTER ENERGY COMPANY,**
a Delaware corporation, and
**REIGN BEVERAGE COMPANY, LLC**,
a Delaware limited liability company,

    Defendants and
    Counterclaimants.

---

**MONSTER ENERGY COMPANY,**
a Delaware corporation, and
**REIGN BEVERAGE COMPANY, LLC,**
a Delaware limited liability company,

    Crossclaimants,

v.

**JHO INTELLECTUAL PROPERTY
HOLDINGS, LLC,** a Florida limited liability
company,

    Crossclaim-Defendant.

_____/

**PLAINTIFF'S APPEAL OF ORDER
DENYING MOTION TO COMPEL (DE 319)**

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

Plaintiff, Vital Pharmaceuticals, Inc., d/b/a Bang Energy ("Plaintiff"), pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Magistrate Rule 4(a)(1), respectfully appeals Magistrate Hunt's Order Denying Plaintiff's Motion to Compel (DE 319) (the "Order") discovery pertaining to a related infringing product called "Reign Inferno" ("Inferno") that Defendants launched three days prior to the close of discovery because it is both clearly erroneous and contrary to law.

Defendants wholly disregarded their ongoing duty to supplement discovery and produce documents relevant to Inferno, which were covered vis a vis Plaintiff's discovery requests propounded prior to close of discovery. Critically, Defendants' Rule 26(e) duty to supplement remains in full force and effect throughout the entirety of this case, even though trial, regardless of Plaintiff moved to compel such discovery. Furthermore, Defendants' flagrant violation of the local rules regarding disclosure of settlement communications must be addressed by the Court to protect settlement communications and to prevent such violations from occurring in the future. Accordingly, and for the reasons set forth below, the Court should vacate Magistrate Hunt's Order denying VPX's Motion to Compel.

## INTRODUCTION

### A.
### Plaintiff's Prior Discovery Covered Inferno

Plaintiff propounded discovery on Defendants well in advance of the discovery deadline that covered Inferno. Specifically, Plaintiffs' June 2019 Interrogatories (DE 305-3) and Requests for Production (DE 305-4) both defined the "Infringing REIGN Product" as "Infringing REIGN Product" means the energy drink available in 16-oz. aluminum cans as promoted at the website, https://reignbodyfuel.com/, including all flavors and prior versions thereof." *Id*. (Definition No. 8.).

The following Interrogatories sought information relevant to Inferno:

**No. 3.** Identify all searches, inquiries, and investigations into: the availability of the Infringing REIGN Trade Dress; the packaging, design elements, and taglines/slogans associated with the Infringing REIGN Product; and each flavor of the Infringing REIGN Product.

**No. 5.** Identify all documents and communications concerning the placement or display of the Infringing REIGN Product vis-à-vis the BANG® energy drink in a cooler (whether vault or open-air), on a store shelf or stacker, or any other location

2
**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

> where the products at issue are or might be placed or displayed together, including any instructions, standards, or recommendations regarding plan-o-grams or "touching" of the products at issue.

DE 305-3. The following Requests for Production sought documents relevant to Inferno:

> **No. 6.** All documents, communications, and social media posts concerning confusion, commentary, or similarity between (1) the Infringing REIGN Product and (2) the BANG® energy drink.
>
> **No. 7.** All documents and communications concerning the marketing, advertising, merchandising standards, promotion, or sales of the Infringing REIGN Product, including PowerPoint presentations, websites, and tutorial videos.
>
> **No. 13.** All documents and communications concerning the date of the launch of the Infringing REIGN Product in trade.

DE 305-4.

In other words, Reign Inferno is the very definition for the requested documents, the responses to which were required but Defendants did not provide. The deliberate launch of Inferno just before the discovery cut off suggests a willful attempt to circumvent Monster's obligations to this Court.

## B.
## Defendants Agree That Inferno Is Part of This Case But Nonetheless Refused Supplement Their Responses and Production in Violation of Rule 26(e)

Although Plaintiff's prior discovery clearly covered Inferno once Defendants published the product on its Website, none of their responses identify Inferno and they did not produce any responsive documents. Making matters worse, Defendants acknowledge that Inferno is part of this case. *See* DE 278 at 8 (arguing that Defendants offered to "include the REIGN Inferno product as an alleged infringement in the Joint Pretrial Stipulation" and "readily agreed to include the REIGN Inferno product in this case."); DE 305-2 at 8 ("We have no objection to the new product being part of the case . . . .").

Because Plaintiff's discovery request clearly covered Inferno, Plaintiff's counsel demanded that Defendants supplement their discovery to produce information relevant to Inferno. Despite acknowledging that Inferno is part of this case, Defendants refused to supplement their prior discovery response and document production to provide the requested documents and information concerning Inferno. *See* DE 297-2.

## C.
## The Order Denying Plaintiff's Motion to Compel Inferno Discovery

On May 19, 2020, Magistrate Hunt entered an Order denying VPX's Motion to Compel (DE 319). Judge Hunt found that in moving to compel Defendants to produce discovery related to Inferno, Plaintiff is attempting to obtain the same relief this Court previously denied. DE 319 at 4. Judge Hunt further found that Plaintiff's prior discovery requests only covered "the products on the website and any prior version of the product displayed on the website at the time Plaintiff served Defendants with the written discovery." *Id*. at 4-5. Judge Hunt further found that the deficiency would have occurred prior to the close of discovery, but Plaintiff did not file its Motion to Compel until three months after the close of discovery. *Id*. at 5. Plaintiff respectfully submits that Judge Hunt's Order is clearly erroneous and contrary to law for three reasons.

*First*, Plaintiff's written discovery unambiguously covers Inferno, which are reasonably calculated to lead to the discovery of admissible evidence, regardless of whether Inferno was formally regarded as part of this case. Plaintiff's written discovery requests are designed to cover any 16-ounce aluminum can advertised on Defendants' website at any time, which is clear the language "any prior versions thereof" because at the time of serving this discovery, only one version of Reign existed. It would not make sense to include the language "any prior versions thereof" unless that language was intended to extend to subsequently released related products, which is common in the energy beverage sector.

The Order fails to address Defendants' Rule 26(e) duty to supplement its responses to Plaintiff's written discovery and the documents produced in response to same. The Rule 26(e) duty to supplement remains in place throughout the entirety of every case; it does not cease to exist at the conclusion of the discovery period. The Order, however, effectively treated Defendants' Rule 26(e) obligation as ending with the period to conduct discovery. The Judge Hunt clearly erred in his interpretation of Plaintiff's written discovery that Plaintiff served well in advance of the discovery cutoff. The Order is also contrary to law to the extent treated Rule 26(e) duty to supplement as no longer having force and effect after the discovery cutoff.

*Second*, Plaintiff demonstrated good cause for filing its Motion to Compel when it did. Plaintiff first timely moved the Court for leave to amend the Complaint to address Inferno and was waiting for the Court's ruling before moving to compel Defendants to comply with the Rule 26(e) duty to supplement. After the Court ruled on Plaintiff's Motion for Leave to Amend, Plaintiff, in

4

accordance with Judge Hunt's Procedures, requested permission to file a motion to compel, which Judge Hunt granted. Plaintiff accordingly timely moved to compel Defendants to produce discovery related to Inferno.

*Third*, in violation of Local Rule 16.2(g)(2) and Section 44.405, Florida Statutes, Defendants publicly disclosed information obtained in the course of discovery to oppose Plaintiff's Motion to Compel. Critically, in so doing, Defendants disingenuously mischaracterize the nature of the purported discussions that took place both during and leading up to the mediation. Plaintiff strenuously disagrees with Defendants' mischaracterization. Local Rule 16.2(g)(2) and Section 44.405 unambiguously prohibits such disclosures for good reason, as illustrated by Defendants' improper and false disclosure. The bell has already been rung on this issue, which tainted Plaintiff's Motion. The Order did not even address Defendants' blatant violation of Local Rule 16.2(g)(2) and Section 44.405 or Plaintiff's request for sanctions due to Defendants' misconduct. The Order is clearly erroneous in that regard, too.

## STANDARD OF REVIEW

Orders of a magistrate are appealable to the district court pursuant to 28 U.S.C. § 636(b)(1)(A); Federal Rule of Civil Procedure 72(a); L.R., Mag. R. 4(a)(1). The district court must overturn discovery orders that are clearly erroneous or contrary to law must be overturned. *Id*. An order is clearly erroneous where "although there is evidence to support if, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville School Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). n order is contrary to law where "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tolz v. Geico General Ins. Co.*, No. 08-cv-80663, 2010 U.S. Dist. LEXIS 6709, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010).

## ARGUMENT

### I.
### DEFENDANTS FAILED TO SUPPLEMENT THEIR DISCOVERYRESPONSES AND DOCUMENT PRODUCTION AFTER THEY LAUNCHED INFERNO

Federal Rule of 26(e)(1) creates an ongoing duty to supplement previously served responses to discovery and documents:

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Critically, the duty to supplement does not expire at any point during the lifecycle of a case; instead, that duty continues *through trial*. *Bayer Healthcare Pharm., Inc. v. River's Edge Pharm., LLC*, 2015 U.S. Dist. LEXIS 179674, at *12 (N.D. Ga. July 31, 2015) ("Under Rule 26(e)(1)(A), the obligation to supplement is continuing throughout the case."); *Feise v. N. Broward Hosp. Dist.*, 2015 U.S. Dist. LEXIS 134794, at *5 (S.D. Fla. Oct. 2, 2015) ("[U]nder Rule 26(e)(1)(A), supplementation of incorrect responses is required, "the obligation to disclose pertinent parties is continuing [throughout the case]."); *De Armas v. Miabraz*, 2012 U.S. Dist. LEXIS 202841, at *1-2 (S.D. Fla. Aug. 23, 2012) ("[T]he duty to supplement [discovery] continues after the close of discovery.").

"The rule prohibits parties who are aware of their deficient response from 'hold[ing] back material items and disclos[ing] them at the last moment.'" *Bayer Healthcare Pharm., Inc*., 2015 U.S. Dist. LEXIS 179674, at *12 (quoting 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2049.1 (3d ed. 2011); Fed. R. Civ. P. 26 advisory committee's note (1993 Amendment, Subdivision (e)) ("The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect.")). "[T]he duty of supplementation created by Rule 26(e)(1)(A) is not contingent on opposing counsel filing a motion to compel." *Woods v. Austal, U.S.A., LLC*, 2011 U.S. Dist. LEXIS 42361, at *28 (S.D. Ala. Apr. 11, 2011).

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). A failure to make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure." *Coach, Inc. v. Visitors Flea Market, LLC*, 2014 U.S. Dist. LEXIS 19852, at *3 (M.D. Fla. Feb. 18, 2014) (quotation omitted). "In determining whether the failure to [disclose was] substantially justified or harmless, courts are guided by, inter alia, the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation

6

for its failure to disclose the evidence." *See Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols.*, LLC, 845 F. Supp. 2d 1241, 1250-51 (M.D. Fla. Jan. 14, 2012) (quotations omitted) (emphasis in original) (alterations added).

A failure to disclose is not harmless where the party seeking discovery is unable to obtain further discovery on the undisclosed matter; thus, non-disclosure is necessarily harmful if the deadline for discovery has expired. *Coach, Inc. v. Visitors Flea Mkt., LLC*, 2014 U.S. Dist. LEXIS 19852, at *11 (M.D. Fla. Feb. 18, 2014) (finding that the untimely disclosure was not harmless where discovery had closed and the plaintiffs did not have an opportunity to depose the witnesses at issue); *Wm v. United States Aircraft Ins. Grp.*, 2011 U.S. Dist. LEXIS 170975, at *8 (M.D. Fla. Apr. 22, 2011) (finding that the untimely witness disclosure was necessarily harmful where the time for taking discovery had passed).

In the present case, the Order absolved Defendants' of their willful disregard of their Rule 26(e) duty to supplement their responses to discovery and document production. Defendants' obligation to supplement prior discovery was not a dormant force awaiting Plaintiff's Motion to Compel; instead, Rule 26(e) imposed an obligation independent of any motion to compel or discovery deadline.

Plaintiff's timely served discovery requests covered Inferno. The Order is clearly erroneous where it found that Plaintiff's prior discovery requests did not cover Inferno such that Defendants had no duty to supplement their prior discovery responses and document production. Plaintiff's June 2019 Interrogatories and Requests for Production captured Inferno upon its release in January 2020, when Defendants published Inferno on their Website. The "Infringing REIGN Product" definition expressly contemplated the possibility of Defendants launching newer versions of the flagship Reign product after the time Plaintiff served its written discovery, which Defendants ultimately did. That much is clear from the portion of the "Infringing REIGN Product" definition referring to "prior versions" of the product because at the time Plaintiff served that discovery, only one version of the product existed. Plaintiff intended any new related products to come within the ambit of that definition.

Discovery pertaining to Inferno is reasonably calculated to lead to the discovery of admissible evidence, regardless of whether Inferno was identified in the Complaint. Defendants were under an obligation to supplement its prior responses to Plaintiff's written discovery and produce documents relevant to Inferno. The Order is clearly erroneous on that point.

The Order also failed to address Defendants' Rule 26(e) duty to supplement and eviscerated the Rule by regarding the duty to supplement as being of no further force and effect once the deadline to complete discovery expires, which is contrary to law. The duty to supplement is an obligation that exists regardless of the deadline to complete discovery or the time to file a motion to compel. To suggest otherwise would mean that the duty to supplement abruptly ends when discovery does. The Order is contrary to law on this point because the duty to supplement runs through trial and does not disappear from any case. *De Armas*, 2012 U.S. Dist. LEXIS 202841, at *1-2 ("[T]he duty to supplement [discovery] continues after the close of discovery."); *Woods*, 2011 U.S. Dist. LEXIS 42361, at *28 ("[T]he duty of supplementation created by Rule 26(e)(1)(A) is not contingent on opposing counsel filing a motion to compel."). Thus, it is of no moment that discovery concluded when Plaintiff moved to compel Defendants to produce discovery related to Inferno, nor is the timing of Plaintiff's Motion a relevant consideration.

Further, the Order is contrary to law in that it did not consider the substantial harm to Plaintiff as a consequence of being denied discovery on Inferno, particularly after the conclusion of discovery. Defendants' failure to disclose is presumptively harmful to Plaintiff because discovery is closed. The severity of the injury to Plaintiff is further compounded by the Court's refusal to reopen discovery. To be clear, Plaintiff is not seeking to wholesale reopen discovery, as the Order portends.[1]

The Order also did not follow the Eleventh Circuit's directive that it is the burden of the party that failed to disclose discovery to establish that the failure to disclose was *substantially* justified or harmless, which it was not. *Mitchell*, 318 F. App'x at 824. Because Plaintiff has been deprived of any meaningful discovery concerning Inferno, Plaintiff cannot cure the prejudice. Evidence concerning Inferno is critical to Plaintiff's claims because Inferno is a related product to Defendants original Reign product (and in reality is merely an extension of that product) and Plaintiff seeks **lost profits and disgorgement**, both of which require sales figures of Inferno. Without that evidence, Plaintiff is left without a paddle in fast-moving rapids.

---

[1] Judge Hunt's note that Plaintiff is merely attempting to obtain relief this Court previously denied is misguided. At the March 18, 2020, hearing, Plaintiff was in fact requesting that the Court reopen discovery in total, or, alternatively, in part as to Inferno only. Plaintiff is not seeking to reopen discovery; rather, Plaintiff is merely requesting that Defendants be ordered to comply with their Rule 26(e) obligation to supplement to avoid substantial prejudice at trial in this matter.

The Order puts Plaintiff in the untenable position of proceeding to trial on a case where Defendants contend that Inferno is "part of the case" (DE 305-2 at 8) but with no evidence to present at trial concerning that related product. In the event Plaintiff is forced to proceed to trial without evidence pertaining to Inferno, Defendants will undoubtedly contend in any subsequent lawsuit that issue preclusion or res judicata bar such an action.

Accordingly, Plaintiff this Court should vacate the Order and compel Defendants to serve amended responses to Plaintiff's June 2019 Interrogatories and Request for Production and produce responsive documents.

## II.
## PLAINTIFF HAD GOOD CAUSE FOR MOVING TO COMPEL WHEN IT DID

Judge Hunt's Order is clearly erroneous wherein it denied Plaintiff's Motion to Compel based on a purported three-month delay in moving to Compel Defendants to comply with their Rule 26(e) duty to supplement because Plaintiff had good cause for filing its Motion to Compel at the time it did.

As stated in the Motion, Defendants produced a mere 7 pages of documents concerning Inferno out of over **1.5** million documents produced. On February 25, 2020, Plaintiff timely moved to amend the Complaint to address Inferno, Defendants objected to as not being part of the case. It was not until the March 18, 2020, hearing on Plaintiff's Motion to Amend that Defendants agreed that Inferno was in fact part of this case. *See* DE 305-2 at 8. This was the first time Plaintiffs learned that Defendants intended to dispose of any claim concerning Inferno in this case.

After the Court denied Plaintiff's Motion for Leave to Amend the Complaint, Plaintiff diligently acted to obtain Inferno related documents, including requesting permission from the Court to file the Motion to Compel, which the Court permitted Plaintiff to file on April 24, 2020. Indeed, Judge Hunt's discovery order prohibits the filing of a motion to compel absent the express permission of the Court. DE 54, § II(B). Accordingly, Plaintiff's Motion to Compel was brought in a timely fashion under the circumstances.

## III.
## JUDGE HUNT DID NOT RULE ON PLAINTIFF'S REQUEST FOR SANCTIONS DUE TO DEFENDANTS' WILLFUL VIOLATION OF THE MEDIATION PRIVILEGE

As part of their efforts to defeat Plaintiff's Motion, Defendants brazenly divulged communications that occurred during a December 16, 2019, mediation conference in this case. *See* 308-1, ¶ 3, Declaration of Brian C. Horn (the "Horne Declaration"). Defendants also divulged

9

settlement discussions in furtherance of any as part of the mediation that took place between their counsel and Plaintiff's counsel on February 11, 2020, in the Horne Declaration, which is a publicly filed document. DE 308-1, ¶ 4. The Horne Declaration improperly discloses a detailed purported exchange—which portrayal is not only inaccurate but highly prejudicial—between Defendants and Plaintiff's respective counsel in anticipation of the February 13, 2020, mediation in this case. *Id*.

The Horne Declaration not only commits the sin of divulging information protected from disclosure under Local Rule 16.2(g)(2) and Section 44.405, Florida Statutes, it misrepresents the discussions that purportedly occurred between counsel for Plaintiff and Defendants.

Local Rule 16.2(g)(2) provides:

(2) Restrictions on the Use of Information Derived During the Mediation Conference. All proceedings of the mediation shall be confidential and are privileged in all respects as provided under federal law and Florida Statutes § 44.405. The proceedings may not be reported, recorded, placed into evidence, made known to the Court or jury, or construed for any purpose as an admission against interest. A party is not bound by anything said or done at the conference, unless a written settlement is reached, in which case only the terms of the settlement are binding.

And under Section 44.405(1), "all mediation communications shall be confidential." "A mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel." § 44.405(1), Fla. Stat.

"Information exchanged during mediation is privileged in all respects." *Rodriguez v. Carey Int'l, Inc.*, 2004 U.S. Dist. LEXIS 32125, at *10 (S.D. Fla. Sep. 10, 2004); *Austrum v. Fed. Cleaning Contractors, Inc.*, 2016 U.S. Dist. LEXIS 87306, at *7 (S.D. Fla. June 23, 2016) ("The Court rejects Federal's arguments based on what was said or not said at mediation as improper."). Willful public disclosure of information obtained pursuant to mediation is sanctionable. *See Mocombe v. Russell Life Skills and Reading Found., Inc.*, 2014 U.S. Dist. LEXIS 187840, 2014 WL 11531914 (S.D. Fla. Oct. 30, 2014) (granting the defendants' motion for sanctions after the plaintiff posted a Facebook message concerning the negotiations at a settlement conference).

Here, Defendants brazenly, and willfully, divulged information protected from disclosure under Local Rule 16.2(g)(2) and Section 44.405 as part of their efforts to defeat the Motion. In so doing, Defendants mischaracterized the nature of the discussions that occurred as part of the mediation conference in this case. These misrepresentations are completely false and violate Local

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

Rule 16.2(g)(2) and Section 44.405, which unambiguously prohibit such disclosures for good reason.

As set forth in Plaintiff's Reply in Support of the Motion (DE 311), Defendants' inexcusable conduct merits sanctions. And at a minimum, Defendants' conduct warrants a ruling from the Court. Despite that Defendants let the cat out of the bag by divulging mediation privileged communications, the Order, does not address Defendants' misconduct or Plaintiff's request for sanctions against Defendants for their violation of Local Rule 16.2(g)(2) and instead sidestepped the issue.

The Order is clearly erroneous because it did not rule on Plaintiff's motion for sanctions against Defendants for their willful violate of Local Rule 16.2(g)(2) and Section 44.405. The Order did not even address Defendants' brazen disregard for the rules precluding the public disclosure of information immune from disclosure pursuant to the litigation privilege. As set forth in the Motion, Defendants' conduct should be sanctioned.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court vacate Judge Hunt's Order Denying Plaintiff's Motion to Compel and order Defendants to supplement their responses to Plaintiff's June and October 2019 discovery and produce documents responsive to those requests.

Dated: June 2, 2020                    Respectfully submitted,

*s/ Peter G. Siachos*
Peter G. Siachos, Esq. (admitted *pro hac vice*)
Email: *psiachos@grsm.com*
GORDON REES SCULLY MANSUKHANI LLP
40 Calhoun Street, Suite 350
Charleston, SC 29401
(843) 278-5900

*s/ Andrew R. Schindler*
FBN 124845
*aschindler@grsm.com*

**GORDON REES SCULLY MANSUKHANI LLP**
100 S.E. Second Street, Suite 3900 ▪ Miami, FL 33131

**GORDON REES SCULLY**
**MANSUKHANI LLP**
100 SE 2nd Street, Suite 3900
Miami, Florida 33131
Tel: (305) 428-5330

Francis Massabki, Esq. (FBN 687901)
*Frank.Massabki@vpxsports.com*
Matthew T. Davidson, Esq. (FBN 713821)
*Matthew.Davidson@vpxsports.com*
Vital Pharmaceuticals, Inc.
1600 North Park Drive
Weston, FL 33326
Phone: 954-641-0570
Fax:    954-389-6254

*Attorneys for Plaintiff, Vital Pharmaceuticals, Inc., d/b/a VPX Sports, and Crossclaim-Defendant, JHO Intellectual Property Holdings, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 2, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a true and correct copy of the foregoing on all counsel or parties of record designated to receive service in CM/ECF.

*s/ Andrew R. Schindler*