UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE No. 19-60809-CIV-ALTMAN/HUNT

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX Sports, a Florida Corporation,

    Plaintiff/Counterclaim-Defendant,

    v.

MONSTER ENERGY COMPANY,
a Delaware corporation, and
REIGN BEVERAGE COMPANY, LLC,
a Delaware limited liability company,

    Defendants/Counterclaimants.

_____

MONSTER ENERGY COMPANY,
a Delaware corporation, and
REIGN BEVERAGE COMPANY, LLC,
a Delaware limited liability company,

    Crossclaimants,

    v.

JHO INTELLECTUAL PROPERTY
HOLDINGS, LLC, a Florida limited liability
company,

    Crossclaim-Defendant.

_____/

**REPORT AND RECOMMENDATION**

    THIS CAUSE is before this Court on Defendants/Counterclaimaints' Motion for Bill of Costs ("Motion"), ECF No. 442. The Honorable Roy K. Altman referred the Motion to the undersigned for a Report and Recommendation. ECF No. 448; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record and the Motion, the

undersigned respectfully RECOMMENDS that Defendants' Motion for Bill of Costs, ECF No. 442, be GRANTED as set forth below.

## BACKGROUND

On March 28, 2019, Vital Pharmaceuticals Inc., ("Plaintiff") brought this action against Monster Energy Company and Reign Beverage Company LLC, ("Defendants") seeking damages and injunctive relief based upon allegations that a product released by Defendants infringed on Plaintiff's trademark. ECF No. 1. The action proceeded to trial in August and September 2020. ECF Nos. 376–78, 381–85, 413. On August 3, 2021, the Court entered its Order in favor of Defendants and entered final judgment in favor of Defendants and against Plaintiff. ECF Nos. 429, 431. Defendant then filed the instant motion seeking the recovery of costs pursuant to 28. U.S.C. § 1920. ECF No. 442. In its Motion, Defendants contend that they have conferred with Plaintiff and that Plaintiff stipulates and agrees to the payment of the costs sought. ECF No. 443 at 2.

## DISCUSSION

1. Costs

Defendants seek to recover $58,000 in litigation costs, which result from fees for trial transcripts, hearing transcripts, deposition transcripts, and fees associated with their witnesses. Defendants claim that they are entitled to recover costs because the Court entered final judgment in their favor. Plaintiff does not oppose the costs sought.

    A.    Entitlement

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to recover costs other than attorneys' fees. Further, Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Trident Int'l, Ltd. v. Imperial Majesty Cruise Line, LLC*,

Case No. 08-61277-CIV-DIMITROULEAS/SNOW, 2011 WL 845875, at *1 (S.D. Fla. Jan. 19, 2011).

"A prevailing party analysis requires a determination of whether a court-ordered material alteration of the legal relationship between the parties has occurred." *Sream, Inc. v. HHM Enter. Partners, Inc.*, No. 16-62641-CIV-BLOOM/VALLE, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017). "A 'prevailing party' is the party in whose favor judgment is rendered by the Court." *Tillman v. Advanced Public Safety, Inc.*, Case No. 15-81782-MARRA/MATTHEWMAN, 2018 WL 576570, at *10 (S.D. Fla. Nov. 2, 2018) (citing *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002)).

Here, the Court entered final judgment in favor of Defendants. Therefore, the undersigned finds that Defendants are the prevailing party and are entitled to tax costs pursuant to Federal Rule of Civil Procedure 54(d).

B.      Recoverable Costs

Accordingly, as Defendants are the prevailing party, this Court is permitted to tax as costs only those expenses enumerated in 28 U.S.C. § 1920. *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009). Under 28 U.S.C. § 1920, the following costs may be taxed:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Defendants seek to recover taxable costs of $57,832.07, which consist of fees for trial transcripts, hearing transcripts and deposition transcripts Defendants ordered for use in the case. The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were "necessarily obtained for use in the case." *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). The burden falls on the non-prevailing party to show that the specific deposition costs were either not necessary for use in the case or that the deposition was not related to an issue present in the case. *W & O*, 213 F.3d at 621.

Here, the sum that Defendants seek to recover is a negotiated amount between the Parties. Thus, Plaintiff does not challenge the proposed costs. Further, the costs Defendants seek to recover are permitted under 28 U.S.C. §1920. Therefore, the undersigned finds that Defendants are entitled to recover costs related to the trial transcripts, hearing transcripts, and depositions transcripts used in this action. Accordingly, Defendants are entitled to recover their taxable costs associated with the transcripts amounting to $57,832.07.

Next, Defendants also seek to recover fees paid to two third-party witnesses in the amount of $167.93. Defendants contend the amount included the statutory witness fee of $40 as well as payments for the witnesses' mileage. "Fees for witnesses who appear in federal court or for a deposition are set at $40.00 a day." *Arthur J. Gallagher Service Co. v. Egan*, Case No. 12-80361-CIV-RYSKAMP/HOPKINS, 2015 WL 12130383, at *6 (S.D. Fla. Feb. 18, 2015) (citation omitted). Witnesses are also entitled to reimbursement for their travel. *See id.* Here, the undersigned finds that Defendants are entitled to recover the costs associated with their witnesses pursuant to 28 U.S.C. § 1920(3).

4

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendants' Motion for Bill of Costs, ECF No. 442, be GRANTED. Defendants should recover taxable costs of $58,000.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 5th day of October 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Roy K. Altman
All Counsel of Record