UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE No. 19-60809-CIV-ALTMAN/HUNT

VITAL PHARMACEUTICALS, INC.,
d/b/a VPX Sports, a Florida Corporation,

    Plaintiff/Counterclaim-Defendant,

    v.

MONSTER ENERGY COMPANY,
a Delaware corporation, and
REIGN BEVERAGE COMPANY, LLC,
a Delaware limited liability company,

    Defendants/Counterclaimants.
_____

MONSTER ENERGY COMPANY,
a Delaware corporation, and
REIGN BEVERAGE COMPANY, LLC,
a Delaware limited liability company,

    Crossclaimants,

    v.

JHO INTELLECTUAL PROPERTY
HOLDINGS, LLC, a Florida limited liability
company,

    Crossclaim-Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendants/Counterclaimaints' Motion for Attorneys' Fees ("Motion"), ECF No. 446. The Honorable Roy K. Altman referred the Motion to the undersigned for a Report and Recommendation. ECF No. 448; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record and the Motion, Response and Reply thereto, the undersigned respectfully RECOMMENDS that

Defendants' Motion for Attorneys' Fees, ECF No. 446, be DENIED as set forth below.

## BACKGROUND

On March 28, 2019, Vital Pharmaceuticals Inc., ("Plaintiff") brought this action against Monster Energy Company and Reign Beverage Company LLC, ("Defendants") seeking damages and injunctive relief based upon allegations that a product released by Defendants infringed on Plaintiff's trade dress and trademark. ECF No. 1. The District Court granted summary judgment in favor of Defendants on the trademark claim but denied summary judgment as to the trade dress claim. ECF No. 344. The action proceeded to trial in August and September 2020. ECF Nos. 376–78, 381–85, 413. On August 3, 2021, the Court entered its Order in favor of Defendants and entered final judgment in favor of Defendants and against Plaintiff. ECF Nos. 429, 431. Defendants filed the instant motion seeking attorneys' fees. ECF No. 446. Plaintiff filed a response in opposition and Defendants filed a reply. ECF Nos. 456, 460.

## DISCUSSION

1. Parties' Arguments

Defendants seek attorneys' fees under the Lanham Act, 15 U.S.C. § 1117(a) on the grounds that this action qualifies as exceptional for two reasons. First, Defendants argue that the substantive strength of Plaintiff's litigation position was unquestionably weak; and second, Defendants contend that the unreasonable manner in which Plaintiff litigated the case demonstrates that this case qualifies as exceptional. In support, Defendants rely in part on statements made by the District Court throughout this action, statements made by Plaintiff's CEO during litigation, and Plaintiff's history in other actions where courts have ruled against Plaintiff and awarded fees to the opposing party.

Defendants argue that they are entitled to a reasonable award of attorneys' fees in the amount of $6,016,304.24, which Defendants contend is a reduced number.

Plaintiff, unsurprisingly, responds that fees should not be awarded in this action because this case does not qualify as exceptional, and that Defendants' claimed fees are unreasonable.  Plaintiff first argues that this action is not exceptional because Plaintiff's claims overcame summary judgment and proceeded to trial.  Essentially, Plaintiff contends that a case that is deemed to have created a genuine issue of material fact and proceeds to trial could not be objectively baseless.  Further, Plaintiff relies on statements made by the District Court that suggest that the decision on at least some aspects of the action was a closer call than on others.  Next, Plaintiff argues that its manner of litigation, which was allegedly applauded by the District Court, cannot be considered unreasonable sufficient to satisfy the "exceptional" qualification for fee-shifting.  Plaintiff cites statements from the District Court thanking both Parties for their level of preparation and praising the conduct of counsel at trial.  Notwithstanding the District Court's statements, Plaintiff next argues that Defendants themselves have engaged in gamesmanship and have been criticized by the District Court for inappropriate litigation antics.  Plaintiff also asserts that Defendants must have believed that Plaintiff's claims had merit because of the hours of litigation they devoted to an action they now claim is frivolous.  Plaintiff closes by asserting that Defendants' claimed fees are excessive and should be denied on that basis as well.

Defendants reply that while the Court may have complimented Plaintiff's counsel's actions, it is the unprofessional behavior of Plaintiff and its CEO, not trial counsel, that provides the basis of Defendants' Motion.  Next, Defendants argue that since Plaintiff sought a disgorgement of Defendants' profits, which at that time exceeded $100 million,

Defendants had no choice but to mount a vigorous defense even if the allegations were baseless. Finally, Defendants maintain that the denial of summary judgment is one factor to be considered when assessing the exceptionality of a case, but it is not the only factor, and not necessarily the deciding one.

2. <u>Analysis</u>

Contrary to the so-called "American Rule" under which parties are generally expected to bear their own cost of litigation, the Lanham Act allows that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, the United States Supreme Court held "that an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." 572 U.S. 545, 554 (2014).[1]

Courts have fairly broad discretion in deciding what constitutes an "exceptional case." *See Tobinick v. Novella*, 884 F.3d 1110, 1117 (11th Cir. 2018) ("Even if a court determines a case qualifies as exceptional, the ultimate decision whether or not to award attorney's fees remains within the discretion of the trial court.") (internal quotation omitted). Courts are instructed to consider the "totality of the circumstances," and, "[a]s in the comparable context of the Copyright Act, '[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510

---

1. Although the *Octane Fitness* case concerned a case brought under the Patent Act, the standard it articulated has been found to also apply to Lanham Act cases. *Tobinick v. Novella*, 884 F.3d 1110, 1113 (11th Cir. 2018).

U.S. 517, 534 (1994)).

The Court in *Octane Fitness* noted that "courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at n.6 (quoting *Fogerty*, 510 U.S. at 534). Movants bear the burden of demonstrating the exceptionality of their case by the preponderance of evidence. *Peschke Map Techs. LLC v. Miromar Dev. Corp.*, No. 215CV173FTM38MRM, 2017 WL 991481, at *2 (M.D. Fla. Mar. 15, 2017) (citing *Octane Fitness*, 572 U.S. at 557).

"There is no precise rule or formula for determining whether a Lanham Act case is 'exceptional' based on its lack of substantive strength*.*" *FCOA, LLC v. Foremost Title & Escrow Servs.*, *LLC*, No. 17-23971-CIV-WILLIAMS/TORRES, 2019 WL 7790856, at *3 (S.D. Fla. Oct. 17, 2019) (quoting *Octane Fitness*, 572 U.S. at 554). Courts in this District have awarded fees when a claim was found to be objectively baseless. *See Fla. Int'l Univ. Board of Trs. v. Fla. Nat'l Univ.*, No. 13-21604-CIV-WILLIAMS/SIMONTON, 2017 WL 3610583, at *4 (S.D. Fla. Aug. 11, 2017) (listing cases using the objectively baseless standard), *report and recommendation adopted*, No. 13-21604-CIV-WILLIAMS/SIMONTON, 2018 WL 4409885 (S.D. Fla. June 25, 2018). Courts have described claims as baseless where the case is frivolous and objectively unreasonable or when the plaintiff should have known that the claims were objectively baseless. *Id.* (citations omitted). However, courts in this District have declined to award fees where the plaintiff's case is at least colorable. *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 16-21203-CIV-WILLIAMS/BECERRA, 2020 WL 9460328, at *4 (S.D. Fla. Mar. 6, 2020)

(listing cases declining to award fees where the plaintiff's case was colorable); *see also Fla. Van Rentals, Inc. v. Auto Mobility Sales, Inc.*, No. 8:13-cv-1732-T-36EAJ, 2015 WL 4887550, at *3 (M.D. Fla. Aug. 17, 2015) ("[A]lthough the totality of the evidence supporting the validity of [the] marks was weak, [p]laintiffs' overall case was at least colorable.").

Defendants claim that this case qualifies as exceptional for two reasons: first, Plaintiff's claims were frivolous; and second, Plaintiff's litigation misconduct was so unprofessional that Defendants should be entitled to attorneys' fees. The undersigned will address each in turn.

First, the undersigned finds that while Plaintiff's overall case may aptly be described as weak,[2] some of Plaintiff's claims were at least colorable. The undersigned is no stranger to this action or the underlying facts of this case, having presided over the preliminary injunction hearing and numerous discovery disputes. It has been an intensely litigated case lasting over two and a half years, ending in a nine-day bench trial. And while Plaintiff's claims ultimately failed, the trade dress claims managed to survive summary judgment and proceed to trial. The undersigned agrees with Defendants that this is but one factor to be considered. Nevertheless, this factor weighs in Plaintiff's favor.

Defendants rely on *Vital Pharmaceuticals, Inc. v. American Body Bldg, Prods., LLC*, 510 F. Supp. 2d 1043 (S.D. Fla. 2007) and *Pro Video Instruments, LLC v. Thor Fiber, Inc.*, No. 6:18-cv-1823-Orl-31LRH, 2021 WL 487020 (M.D. Fla. Feb. 10, 2021) in support of their request for fees. In *American Body Bldg, Prods.*, plaintiff's trade dress

---

2. In its Order rendering judgment, the District Court concluded: "In the end, this case simply wasn't close." ECF No. 429 at 2.

claim survived summary judgment but ultimately failed at trial. 510 F. Supp. 2d at 1044, 1048. The court found that the case qualified as exceptional even though the claims survived summary judgment in part because the court's order on summary judgment "did not in any way address the merits of the case or the sufficiency of Plaintiff's evidence." *Id.* at 1048. After trial, the court found that plaintiff—who is the same Plaintiff as in the instant case—did not establish even one element under the Lanham Act; intentionally chose not to present any survey evidence; and brought its claims "as a tool to stifle legitimate competition." *Id.* at 1048–51. In the end, based largely on plaintiff's CEO's trial testimony, the trial confirmed the court's belief that the case "was commenced in bad faith for an anticompetitive purpose." *Id.* at 1049.

In *Pro Video Instruments, LLC*, the court entered summary judgment in favor of defendant and found the case to be exceptional based on the weaknesses in plaintiff's claims and the unreasonable manner in which plaintiff litigated the case—for example, producing a survey that the court found to be "useless." 2021 WL 487020 at *1, 4. The court highlighted the fact that it had alerted plaintiff about the weaknesses in its claims at the preliminary injunction stage and allowed plaintiff to develop its claims; however, in the court's view, plaintiff's weaknesses grew even more apparent at the summary judgment stage. *Id.* at *3.

Here, on summary judgment, the District Court devoted a considerable amount of discussion to describing how a reasonable fact finder could conclude that Plaintiff's trade dress is inherently distinctive.[3] ECF No. 344 at 14-20. The Court ultimately found that

---

3. In contrast, the District Court found that Plaintiff's trademark claim was "simply not close." *Id.* at 29.

the issue was one not suitable for disposition on summary judgment and allowed this portion of the case to proceed to trial.  A fair reading of the Court's Order does not suggest that the Court considered Plaintiff's trade dress claim to be unreasonable or frivolous.  Further, unlike the above-cited cases, where the courts found that the plaintiffs had not provided any secondary meaning evidence (or that what evidence was adduced was useless), the District Court here found that Plaintiff had adduced *some* evidence of secondary meaning—not much, perhaps, but enough to survive summary judgment.  *Id.* at 21.  Further, the District Court stated that a reasonable fact finder could conclude that certain factors establishing secondary meaning weighed in favor of Plaintiff, such as sales and advertising and intentional copying.  *Id.* at 21, 23.

As further support for their claim that this is an exceptional case, Defendants cite statements made by the District Judge describing some of Plaintiff's positions to be frivolous and even "beyond frivolity."  But these cherry-picked statements require context.  The cited statements were made in response to Plaintiff's appeal of a discovery order denying Plaintiff's request for discovery related to a separate product that was not even a part of this action.  In this context, it is clear that the statements were not meant as a critique of the substantive strength of the overall claims raised in this action, only particular arguments raised in a specific discovery dispute.  Deeming an entire case to be frivolous is an entirely different matter.

Most importantly, after a nine-day trial the District Court authored a detailed 128-page Order entering judgment in favor of Defendants.  In that dispositive Order there is not a single mention of Plaintiff's claims being frivolous.  Although the District Court ultimately determined that the case "wasn't close," ECF No. 429 at 2, there is an important

8

distinction between a verdict being clear-cut and the case itself being frivolous. [4]

Just to take one example, in evaluating the likelihood-of-confusion prong of the case, the District Court applied a seven-part balancing test prescribed by *Yellowfin Yachts, Inc. v. Barker Boatworks, LLC*, 898 F.3d at 1279, 1289 (11th Cir. 2018). After twenty plus pages of in-depth analysis applying that test to the facts in this case (including a "brief digression" about whiskey), the District Court found that four of the factors favored Defendant while the other three favored Plaintiff. The Court emphasized that this balancing test should not be applied mechanically "as if our trial has ended in a score of 4-3." Rather, "having heard all the testimony, seen all the witnesses, and weighed all the evidence," the Court concluded that "on the whole . . . Reign's entry into the market isn't likely to confuse consumers. [Plaintiff], in short, failed to meet its burden." ECF No. 429 at 127. The point is not to suggest that this was a close case—the District Judge made it clear that it was not. But the language quoted above is not the language of dismissive rejection of a frivolous argument. It is the language of a careful balancing of facts and law leading to a thoughtful decision.

Having reviewed the District Court's thorough Orders, coupled with the undersigned's own extensive familiarity with the overall case, the undersigned does not find that Plaintiff's claims were so lacking in substantive merit as to qualify this action as exceptional entitling Defendants to attorneys' fees. Therefore, the undersigned

---

4. Admittedly in a different context and under different governing rules, the Eleventh Circuit recently affirmed the District Court's Order and denied Defendants' request for sanctions on appeal. In denying the request, the Court found that Plaintiff's appeal "was not so 'utterly devoid of merit' as to warrant sanctions," noting that "a losing appeal is not synonymous with a frivolous one." *Vital Pharmaceuticals, Inc., v. Monster Energy Co.*, No. 21-13264, at *10, 11 (11th Cir. Aug. 3, 2022) (citation omitted).

recommends that Defendants' Motion for Attorneys' Fees be denied as to this ground.

Turning to Defendants' second justification for an award of fees, the unreasonable manner in which the case was litigated, the undersigned finds that some of Plaintiff's statements and actions—not those of its counsel—were at times objectionable. But the undersigned does not find that this behavior was so egregious as to render this case exceptional or that Defendants are entitled to attorneys' fees based on these grounds.

Defendants rely primarily on examples of misconduct that took place during discovery. The undersigned was referred all discovery in this action and knows very well how this case was litigated. The Parties seemingly fought over innumerable issues that in other cases would have been resolved amicably between professionals without needing court intervention. Ultimately, though, while the skirmishes were hard-fought and in the undersigned's opinion often unnecessary, they do not raise this case to the level of "exceptional." The undersigned notes that while counsel were more than once chastised for their apparent inability to resolve simple discovery matters, the undersigned imposed no monetary sanctions related to discovery matters.

Defendants also point to some rather inappropriate statements made by Plaintiff's CEO as evidence justifying a fee award. The undersigned has considered these statements—as well as other arguably objectionable actions taken by Plaintiff during discovery—together with the District Court's praise of counsel's preparation and conduct at trial. On balance, the undersigned does not view this action as having been litigated in such an unreasonable manner as to entitle Defendants to a fee award. Therefore, considering the totality of the circumstances in this action, the undersigned recommends that Defendants' Motion for Attorneys' Fees be denied on this ground as well.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendants' Motion for Attorneys' Fees, ECF No. 446, be DENIED.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 11th day of August 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Roy K. Altman
All Counsel of Record