UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 19-60809-CIV-ALTMAN/Hunt

**VITAL PHARMACEUTICALS, INC.,**
d/b/a VPX Sports, a Florida Corporation,

    *Plaintiff/Counterclaim-Defendant*,

v.

**MONSTER ENERGY COMPANY,**
a Delaware corporation, and
**REIGN BEVERAGE COMPANY, LLC,**
a Delaware limited liability company,

    *Defendants/Counterclaimants.*

_____

**MONSTER ENERGY COMPANY,**
a Delaware corporation, and
**REIGN BEVERAGE COMPANY, LLC,**
a Delaware limited liability company,

    *Crossclaimants*,

v.

**JHO INTELLECTUAL PROPERTY
HOLDINGS, LLC,** a Florida limited
liability company,

    *Crossclaim-Defendant.*
_____/

## **ORDER**

On September 28, 2021, the Defendants/Counterclaimants, Monster Energy Company and Reign Company LLC (the "Defendants"), filed a Motion for Attorneys' Fees. *See* [ECF No. 446] (the "Motion"). On October 4, 2021, we referred the Motion to United States Magistrate Judge Patrick M. Hunt for a Report and Recommendation. *See* [ECF No. 450]. On August 11, 2022, Magistrate Judge Hunt issued his Report and Recommendation [ECF No. 471] (the "R&R"), in which he recommended that the Motion be denied. *See* R&R at 11. Magistrate Judge Hunt also warned the parties as follows:

> Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985)."

*Ibid*. No party has objected to Magistrate Judge Hunt's R&R, and the time to do so has passed. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the R&R, the record, and the applicable law, and can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 471] is **ACCEPTED and ADOPTED**.

2. The Motion [ECF No. 446] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 26th day of August 2022.



**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record